IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:18CR012 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN A. POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| DECARLO SANDERS, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendants. | ) | |
| | ) | |

Now comes the United States of America, by and through its attorneys, Justin E. Herdman, United States Attorney, and Scott C. Zarzycki, Assistant United States Attorney, and hereby files this sentencing memorandum. The Government agrees with the calculations contained within the Presentence Report filed July 30, 2018. (R. 19: PSR, PageID 76-77 and 81) and recommends a sentence within the guideline range referenced below.

**I.     OFFENSE CONDUCT AND GUIDELINE CALCULATION**

    A.     Offense Conduct

On November 2, 2017, multiple law enforcement agencies, including the Akron Police Gun Violence Reduction Team, the Federal Bureau of Investigation, Ohio Adult Parole Authority and the Bureau of Alcohol, Tobacco, Firearms and Explosives were conducting surveillance of a home on 1072 Bellows Street in Akron, Ohio. DeCarlo Sanders', (hereinafter "Defendant") vehicle was parked at that location. When Defendant's vehicle departed, the Defendant failed to use a turn signal when turning on to Stanton Avenue. A query of the license plate revealed the registered owner to be Defendant.

Officers conducted a traffic stop and Defendant was seen leaning down inside the vehicle.  Officers observed in plain view a baggie with suspected controlled substance in the center console.  The suspected controlled substance later tested positive for 7.96 grams of Carfenatnil.  Defendant was directed to exit the vehicle.  When the door opened officers observed a handgun in the driver's side door pocket.  The firearm was determined to be a Taurus, Model 617, .357 magnum revolver, loaded with seven rounds of ammunition.  Also located in the vehicle was a digital scale from the cup holder.  In Defendant's left front pocket officers located $4,154 in U.S. currency.

      B.      Guideline Calculation

Defendant was indicted on January 4, 2018, for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(C)(1)(a), and possession with intent to distribute, in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(C).  (R. 3, Indictment; PageID 10-12).  D entered a guilty plea to the indictment on April 27, 2018.

The Government estimated the base offense level at a 20 for Counts 1 and 3, in addition to the minimum consecutive term of imprisonment required by statute for Count 2.

| U.S.S.G. § 2K2.1: Felon in Possession (Count 1) | | |
| --- | --- | --- |
| Base offense level | 20 | §2K2.1(a)(4)(A) |
| Specific Offense Characteristics (use or possessed firearm in connection with another felony offense) | N/A | §2K2.1(b)(6)(B) |
| **Subtotal** | **20** | |

| U.S.S.G. § 2D1.1: Possession with Intent to Distribute (Count 3-Carfentanil) | | |
| --- | --- | --- |
| Base offense level | 20 | § 2D1.1(a)(5) |
| Specific Offense Characteristics (dangerous weapon was possessed) | N/A | N/A |
| **Subtotal** | **20** | |

| Base offense level (after grouping) | 20 | § 3D1.2 |
| Acceptance of responsibility | -2 | § 3E1.1(a) |
| Acceptance of responsibility | -1 | § 3E1.1(b) |
| **Total Offense Level** | **17** | |

| **Title 18 U.S.C. §§ 924(c)(1)(A) and 2, Using or Carrying a Firearm During a Drug Trafficking Crime (Count 2)** |
| Sentence of 5 years (60 months) consecutive, per statute |

The Government recommends that the Court impose a sentence within the range and of the kind specified pursuant to the advisory Sentencing Guidelines in accordance with the computations and stipulations set forth below.

According to the Presentence Report, he has seven total criminal history points, which corresponds to a Category IV. (R. 19: PSR, PageID 81). The advisory guideline range for an Offense Level 20, Criminal History Category IV is 51-63 months imprisonment. This must be served consecutively to a sentence of 5 years on Count 2.

## II. SENTENCING FACTORS 18 U.S.C. § 3553(A)

Upon properly calculating the advisory guideline range, this Court is required to follow 18 U.S.C. § 3553(a), which states:

> This Court is required to consider the following factors in determining the sentence.
>
> (a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

>(B) to afford adequate deterrence to criminal conduct;
>
>(C) to protect the public from further crimes of the defendant; and
>
>(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
>(3) the kinds of sentences available;
>
>(4) the kinds of sentence and the sentencing range established for--
>
>(5) any pertinent policy statement--
>
>(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
>(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The nature and circumstances of the Defendant's criminal history indicate that this Court has much to consider. Defendant is twenty-nine years old and has had multiple criminal convictions over the last eleven years. Although the majority of his convictions are misdemeanors, his criminal history demonstrates a lack of respect for the law and inability to benefit and learn from prior sanctions. His first adult criminal offense occurred at the age of 18. He pled guilty to drug abuse in Akron Municipal Court and was fined on December 27, 2007 (PSR, ¶ 26). Six months later he was arrested and plead guilty in two separate cases to Obstruction and Misrepresenting Identity in June 2008 (PSR, ¶ 27-28). He was sentenced to three days confinement for both offenses. Five months later in November of 2008, he was again arrested and convicted of Misrepresenting Identity and given eleven days confinement (PSR, ¶ 29). In 2009, he was convicted of Carrying Concealed Weapons and confined for sixty days. In 2010, he was convicted of three separate offenses on three separate dates. Those offense were disorderly conduct in March 2010, Misrepresenting identity in August 2010, and Driving under

4

Suspension and Falsification in October 2010.  He was fined for the first two offenses and given seven days of confinement for the third (PSR, ¶ 31-33).

In May of 2012, he was convicted of domestic violence and given 17 days of confinement (PSR, ¶ 34).

In October 2012, Defendant advanced to committing felony level offenses and was convicted of Possession of Heroin with Firearm Specifications, Failure to Comply and Tampering with Evidence.  He was sentenced to serve four years in prison. (PSR, ¶ 35).  He was released from prison in April 2016.  Upon release from prison, Defendant demonstrated that he learned nothing from that experience.  Approximately one year later on May 24, 2017 Defendant was arrested for Having Weapons Under Disability, Receiving Stolen Property, Improperly handling Firearms in a Vehicle, and Carrying Concealed Weapons (case still pending) (PSR, ¶ 42).  He was released on bond and arrested two more times in July and August for Disorderly Conduct (PSR, ¶ 36-37).  Finally, on November 2, 2017, Defendant was arrested for the instant offense.  (PSR, ¶ 43).  As a result of the Defendant's consistent criminal activity over the last eleven years and failure to benefit from previously imposed sanctions, it is the government's position that his criminal history score is not overrepresented.

Additionally the Government respectfully requests the Court consider the nature and circumstances of the offense.  After serving four years for a previous firearm and drug trafficking offense, and while on bond for a pending firearm offense, the defendant was in possession of a firearm and a large quantity of a potent fentanyl analogue, Carfentanil in the instant case.  Defendant was also in possession of over $4,000 in U.S. currency and told arresting officers he was unemployed.  All facts in this case support that the defendant was clearly possessing drugs with intent to distribute.

### III.     CONCLUSION

Based on the lengthy and repeated criminal history, the Government respectfully requests this Court sentence the Defendant within the advisory guideline range.

>Respectfully submitted,
>
>JUSTIN E. HERDMAN
>United States Attorney
>
>By:     /s/ Scott C. Zarzycki
>Scott C. Zarzycki (OH: 0072609)
>Assistant United States Attorney
>United States Court House
>801 West Superior Avenue, Suite 400
>Cleveland, OH 44113
>(216) 622-3971
>(216) 522-7358 (facsimile)
>Scott.Zarzycki@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 6th day of August 2018, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

    /s/ Scott C. Zarzycki
    Scott C. Zarzycki
    Assistant U.S. Attorney