IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO EASTERN
DIVISION

| DECARLO L. SANDERS, | ) | |
|---|---|---|
| Petitioner, | ) | CASE NO: 5:18-CR-12 |
| | ) | |
| v. | ) | Judge Dan Aaron Polster |
| | ) | |
| UNITED STATES OF AMERICA, | ) | OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM

Before the Court is Petitioner Decarlo L. Sanders's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. **Doc #: 29**. For the following reason, Sanders's Motion is **DENIED**.

## FACTUAL BACKGROUND

On April 27, 2018, Sanders pled guilty to three charges: Count One, felon in possession of firearm in violation of 18 U.S.C. §§ 992(g)(1) and 924(a)(2); Count Two, possession of a firearm in furtherance of drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and Count Three, possession with intent to distribute a detectable amount of Carfentanil in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Doc #: 17. On August 13, 2018, Sanders was sentenced to 18 months custody on Counts One and Three, and the mandatory minimum consecutive sentence on Count Two, for a total of 78 months custody of the Bureau of Prisons. Doc #: 24.

**ANALYSIS**

Sanders now asserts that he is entitled to relief from his sentence in light of the Supreme Court's holding in *Davis v. United States*, 139 S. Ct. 2319 (2019). Doc #: 29 at 4. *Davis* held that a portion of § 924(c) is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. Accordingly, Sanders argues that the 60 months he received for violating § 924(c)(1)(A) renders his sentence unconstitutional. Doc #: 29 at 4.

Sanders is wrong. Section 924(c) mandates a sentence enhancement when a person uses or carries a firearm in furtherance of certain predicate acts. 18 U.S.C. § 924(c)(1)(A). The first type of predicate act that renders a person eligible for a § 924 charge is a "crime of violence." *Id.* "Crime of violence" is defined as a felony that (1) "has as an element the use, attempted use, or threatened use of physical force against person or property of another," or (2) "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. §§ 924(c)(3)(A); (B).

The second type of predicate act is a "drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). A "drug trafficking crime" is defined as "any felony punishable under the Controlled Substances Act . . . the Controlled Substances Import and Export Act . . . or chapter 705 of title 46." 18 U.S.C. § 924(c)(2).

*Davis* held that defining "crime of violence" as an offense which "involves a substantial risk of physical force" is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. *Davis* does not discuss the definition of "drug trafficking crime."

Here, Sanders's § 924 charge is based on carrying a firearm while possessing with intent to distribute a mixture and substance containing a detectable amount of Carfentanil in violation

of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Doc #: 3 at 2. This predicate act is a felony punishable under the Controlled Substances Act. Thus, Sanders's § 924 charge is based on a drug trafficking crime predicate act, not a crime of violence predicate act.

Because Sanders's § 924 charge is based on a drug trafficking crime predicate act, the holding in *Davis* is inapplicable. Accordingly, *Davis* does not render Sanders's sentence unconstitutional. Thus, Sanders's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, **Doc #: 29**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster December 31, 2019*
**Dan Aaron Polster**
**United States District Judge**